IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAYLE JANINE FIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-91-STE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

**I.    PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 20-31). On review, the Appeals Council

denied Plaintiff's request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner for purposes of the instant appeal.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 1, 2018, the alleged onset date. (TR. 22). At step two, the ALJ determined Ms. Field suffered from the following severe impairments: endometriosis; polycystic ovary syndrome (PCOS); status-post hysterectomy; anemia; obesity; anxiety; and depression. (TR. 23). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).

At step four, the ALJ concluded that Ms. Field retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can perform simple, repetitive tasks. She can frequently interact with public, supervisors, and coworkers.

(TR. 25).

At step four, the ALJ concluded that Plaintiff could not perform her past relevant work. (TR. 29). Thus, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 67). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 67-68). At step five, the ALJ adopted the VE's

testimony and concluded that Ms. Field was not disabled based on her ability to perform the identified jobs. (TR. 30-31).

### III. ISSUE PRESENTED

On appeal, Ms. Field alleges error in the ALJ's consideration of her subjective allegations. (ECF Nos. 16:8-12; 19:1-4).

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.   ERROR IN THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Ms. Field alleges that the ALJ erred in considering Plaintiff's subjective allegations and the consistency of her statements regarding her complaints of heavy and constant menstrual bleeding, fatigue, tremors, and loss of balance. (ECF Nos. 16:8-12; 19:1-4). The Court agrees.

### A.   ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At this second step, the ALJ will examine the objective medical evidence, the claimant's statements regarding his symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;
- The location, duration, frequency, and intensity of pain or other symptoms;
- Factors that precipitate and aggravate the symptoms;
- The type, dosage, effectiveness, and side effects of any medication;

4

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

  **B.** **Plaintiff's Subjective Allegations and Testimony**

At the administrative hearing, Plaintiff testified that she had undergone a complete hysterectomy on January 3, 2022. (TR. 54). The procedure was done to help with Plaintiff's endometriosis and PCOS which had caused heavy menstrual bleeding for up to three to four months at a time. (TR. 54, 311). Ms. Field stated that sometimes she would pass blood clots the size of "two fists put together" and "there would be times [she] would be standing in [her] own blood and could pass out." (TR. 55). Indeed, on November 19, 2021, Plaintiff told Dr. Kyle Wilson that she had been bleeding daily for two consecutive months. (TR. 1009). In a function report dated March 4, 2021, Plaintiff reported that sometimes she bled so heavily, that it overflowed "3-4 overnight pads" and would leave a blood trail or clots. (TR. 304). In various reports to medical professionals, Plaintiff reported that at times she would bleed and soak through "20 pads per day." (TR. 479, 483, 655).

5

Ms. Field also testified that she suffered from daily tremors which cause her muscles to "knot up" and make her "bounce" after taking only two or three steps and which has also caused her to fall out of bed. (TR. 60-62). Plaintiff reported the poor balance and shakiness to a consultative examiner who observed that Plaintiff ambulated with an "unsteady gait." (TR. 1037). Records from November 21, 2021 through June 2022 reveal that Plaintiff reported worsening symptoms of gait disturbance, balance difficulty, tremors, and weakness. (TR. 989-990, 997, 1029). In a disability interview, Plaintiff stated that her tremors were worsening, which caused difficulty sleeping. (TR. 332).

## C. Error in the ALJ's Evaluation of Plaintiff's Subjective Allegations

In formulating the RFC, the ALJ stated that he had considered Plaintiff's symptoms and the consistency of her subjective allegations with other evidence of record. (TR. 25). The ALJ then: (1) set forth the two-step framework under SSR 16-3p and (2) summarized Plaintiff's reports of "very heavy vaginal bleeding that would last for months and that has required blood transfusions," and difficulty walking, and stated:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(TR. 26). By means of explanation, then, the ALJ discussed Plaintiff's bleeding, tremors/balance issues, and fatigue. (TR. 26-27). Ms. Field alleges that the ALJ failed to properly address whether her allegations were credible and the discussion he did provide was insufficient. (ECF No. 16:8-12; 19:1-4). The Court agrees.

6

In evaluating Plaintiff's subjective allegations, the ALJ found the following in relation to Plaintiff's bleeding:

- Plaintiff had a history of PCOS;

- She visited the emergency room with anemia and heavy bleeding;

- Plaintiff had a hysterectomy in January 2022 and thereafter had "significant improvement" and "did not report further symptoms with her gynecological conditions or anemia;" and

- Prior to her surgery, "although she had heavy bleeding she still generally had good strength throughout her body."

(TR. 26, 27). Plaintiff essentially concedes that the bleeding significantly improved following her surgery. (TR. 55). But as Ms. Field points out, a good deal of the disability period was prior to that time, with an alleged onset date of April 1, 2018. *See* TR. 22. For that period, (April 1, 2018-January 2, 2022) the ALJ cites one emergency room visit for heavy bleeding, but then dismisses the severity of the incident by relying on the fact that Plaintiff "had good strength throughout her body." (TR. 27). The Court finds this "explanation" as lacking in substantial evidence for two reasons.

First, in the discussion of Plaintiff's subjective allegations, the ALJ cites Exhibit 14F, a physical consultative examination, in support of his finding that Plaintiff "generally had good strength throughout her body." *See* TR. 27. But "good strength" is irrelevant to whether Plaintiff was bleeding through 20 pads per day, sometimes passing blood clots the size of "two fists" which caused her to pass out. The Court simply cannot find a correlation between heavy bleeding and "good strength." Second, the emergency room visit which the ALJ references resulted in Plaintiff receiving a "four unit blood transfusion" to deal with the anemia which was caused by her heavy bleeding—a fact which the ALJ

7

omitted. (TR. 482). The Court finds that the ALJ downplayed the severity of Ms. Field's bleeding prior to her hysterectomy. Plaintiff testified to the severity of the bleeding, stating that sometimes she would be standing in her own blood after passing large amounts of clotted blood that could cause her to pass out. (TR. 55). Accordingly, the Court finds, that at least for the period prior to Plaintiff's hysterectomy, the ALJ's rationales for discounting Plaintiff's allegations regarding her bleeding lacked substantial evidence. See Kellams v. Berryhill, 696 F. App'x 909, 912 (10th Cir. 2017) (finding reversible error when the ALJ "downplayed the severity of some evidence to support his adverse credibility finding, without considering other probative evidence that tend[ed] to support [the claimant's] allegations of pain and limited functioning."). As a result, remand is warranted for a re-evaluation of Plaintiff's subjective allegations.[1]

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on July 31, 2023.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[1] As stated, Ms. Field also alleges the ALJ erred in evaluating her complaints of tremors, balance issues, and fatigue. See supra. The Court need not address these allegations, as the ALJ is instructed to re-evaluate the entirety of Plaintiffs subjective allegations on remand.